# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRANVILLE T. MURRELL,     Petitioner | : : : | |
| | : | No. 1:21-cv-02051 |
| v. | : : | (Judge Kane) |
| WARDEN OF CUMBERLAND COUNTY PRISON, et al.,     Respondents | : : : : | |

## MEMORANDUM

Pro se petitioner Granville T. Murrell ("Petitioner"), who is currently incarcerated at the Cumberland County Prison in Carlisle, Pennsylvania, has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his state court convictions and sentences, which were imposed by the Court of Common Pleas of Cumberland County, Pennsylvania in January of 2017. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has given his petition preliminary consideration. For the reasons that are set forth below, the Court will dismiss his petition as untimely.

## I.   BACKGROUND

On November 29, 2021,[1] Petitioner commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] (Doc. No. 1.) In an

---

[1] The petition is dated November 29, 2021. (Doc. No. 1 at 5.) Although the Court did not receive the petition until December 7, 2021, the petition is deemed filed on November 29, 2021, pursuant to the prisoner mailbox rule. See, e.g., Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing." (citation omitted)).

[2] Petitioner used a standard form for petitions brought under 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner, however, is challenging his state court convictions and sentences. Thus, his petition is properly construed as being brought under 28 U.S.C. § 2254. See Washington v. Sobina, 509 F.3d 613, 618 n.5 (3d Cir. 2007) (noting that "a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241").

administrative Order dated that same day, the Court directed Petitioner to either pay the requisite $5.00 filing fee or complete and submit a motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 3.)

On December 17, 2021, the Court received Petitioner's motion for leave to proceed in forma pauperis. (Doc. No. 4.) That same day, the Court granted Petitioner's motion and deemed his § 2254 petition filed. (Doc. No. 6.) Because, however, the Court noticed that Petitioner did not appeal his state court convictions and sentences to the Superior Court of Pennsylvania, the Court observed that his § 2254 petition may be barred by the statute of limitations. (Id. at 2 (citing United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2015).) As a result, the Court directed Petitioner to show cause, if any, as to why his § 2254 petition should not be dismissed as untimely. (Id.) Petitioner was given twenty-one (21) days to show such cause. (Id.)

On December 28, 2021, Petitioner filed a handwritten letter with the Court, acknowledging that he had received the Court's Order directing him to show cause why his § 2254 petition should not be dismissed as untimely. (Doc. No. 7 at 1.) In his letter, he alleged that he "[would] like for this court to understand that he is raising a retroactive case[,] Commonwealth vs Ford, 2019 Pa. LEXIS 5422 that was made constitutional September 26th, 2019." (Id.) While he concedes that he "did not file a direct appeal" or pursue his "state Post conviction remedies, he pray[ed] and ask[ed] this court to allow his petition to stand due to COVID-19." (Id.) In support, he alleged that he did not have "the time needed to study and research his case properly due to the restrictions placed on the law library due to COVID-19." (Id.)

The Court, after careful review of his letter, found that it was unclear whether Petitioner was attempting to argue that he did not file a direct appeal and pursue his "state Post conviction

2

remedies" due to the COVID-19 pandemic and/or whether he did not have sufficient time to show cause due to the COVID-19 pandemic and the restrictions that have been placed on the prison's law library.  (Doc. No. 9 at 2.)  Thus, the Court, in an abundance of caution, afforded Petitioner with additional time to show cause why his § 2254 petition should not be dismissed as untimely.  (Id.)   The Court specifically stated that, if nothing was filed by Petitioner in response to that Order, then the Court would presume that his letter (Doc. No. 7), filed with the Court on December 28, 2021, was in fact his attempt to show cause.  (Doc. No. 9 at 2.)  As reflected by the Court's docket, Petitioner has not filed anything in response to that Order.  Thus, this matter is ripe for disposition.

II.     **LEGAL STANDARD**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See 28 U.S.C. § 2254 Rule 4.

Petitions for writs of habeas corpus under 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1).

This limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. See id. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). This limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by the petitioner. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (regarding equitable tolling); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (regarding actual innocence).

**III.    DISCUSSION**

As stated above, Petitioner has petitioned the Court under 28 U.S.C. § 2254, challenging his state court convictions and sentences. (Doc. No. 1.) In support, he cites to the docket numbers of his two (2) criminal cases arising out of the Court of Common Pleas of Cumberland County, Pennsylvania and, specifically, CP-21-CR-0001705-2016 and CP-22-CR-0001817-2026. (Id. at 1, ¶ 4(b).) The Court takes judicial notice of the state court's docket sheets in these two (2) cases, which are available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/CaseSearch. See Commonwealth v. Murrell, Nos. CP-21-CR-0001705-2016 & CP-21-CR-0001817-2016 (Cumberland Cnty. Ct. Com. Pl., filed June 10, 2016, and June 21, 2016, respectively).

Those docket sheets reflect that, on November 29, 2016, Petitioner pled guilty to one count of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, one count of carrying firearms without a license, and one count of possession of a

controlled substance.  See id.  He was sentenced on January 17, 2017, to an aggregate sentence of a minimum of forty-two (42) months' incarceration and a maximum of eighty-four (84) months' incarceration.  See id.  Petitioner, however, did not file a direct appeal, and the time for pursuing a direct appeal expired thirty (30) days later, on February 20, 2017, at which time his state court criminal judgment became final.  See Pa. R. Crim. P. 720(A)(3) (stating, in relevant part, that "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence . . . ").[3]  Thus, the one-year limitations period commenced running as of that date, and Petitioner had one year, or until February 20, 2018, to file his habeas petition.  As reflected by the Court's docket, however, Petitioner did not file his habeas petition until November 29, 2021, over three (3) years later.  Consequently, his petition is untimely.

The Court's analysis does not end there.  The Court must next determine whether Petitioner is entitled to statutory or equitable tolling, or relief under the actual innocence exception.  With respect to statutory tolling, the Court observes that under § 2244(d)(2), the one-year limitations period is tolled with respect to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]"  28 U.S.C. § 2244(d)(2).  Petitioner concedes, however, that he did not file any "state Post conviction remedies[.]"  (Doc. No. 7 at 1.)  As a result, the Court finds that the one-year limitations period is not subject to statutory tolling.

---

[3] Technically, Petitioner's thirty (30)-day period for filing a direct appeal ended on Saturday, February 18, 2017.  Because, however, Saturdays and Sundays are excluded from the calculation of that period, Petitioner's thirty (30)-day period ended the following Monday (i.e., Monday, February 20, 2017).  See 1 Pa. C.S. § 1908 (explaining that, "[w]henever the last day of any [computation of time] period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

In addition, the Court also finds that the one-year limitations period is not subject to equitable tolling. "Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003)). For that reason, "[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" See id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling may be appropriate if: "(1) the [respondent] has actively misled the plaintiff; (2) if the [petitioner] has in some extraordinary way been prevented from asserting his rights; or (3) if the [petitioner] has timely asserted his rights mistakenly in the wrong forum." See id. (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).

Here, the Court observes that Petitioner has not presented any argument for equitable tolling. At most, he has argued that he did not timely file his habeas petition "[b]ecause of COVID-19" and the "lack of access to [the] law library due to [the] COVID-19 restrictions within the institution." (Doc. No. 1 ¶ 7(b); Doc. No. 7 at 1 (stating that "he prays and asks this court to allow his petition to stand due to COVID-19").) Petitioner, however, was required to file his petition by February 20, 2018. Accordingly, the Court finds that the COVID-19 pandemic, which arose in 2019, does not entitle him to equitable tolling of the one-year limitations period.

Finally, the Court considers whether the actual innocence exception allows Petitioner to overcome the time-bar to his petition. The Court begins with the basic legal tenet that this exception "applies to a severely defined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" See McQuiggin,

6

569 U.S. at 394-95 (quoting in Schlup v. Delo, 513 U.S. 298, 329 (1995)).  The Court recognizes, therefore, that relief under this exception is rare.  See id. at 386 (explaining that "tenable actual-innocence gateway pleas are rare . . . ").  Thus, the Court finds that Petitioner, who has not asserted actual innocence, has failed to show that he is entitled to relief under this extraordinary exception.

Thus, for all of these reasons, the Court finds that Petitioner's § 2254 petition is untimely.  The Court further finds that Petitioner is neither entitled to statutory or equitable tolling nor relief under the actual innocence exception.  As a result, the Court will dismiss his petition and direct the Clerk of Court to close this case.[4]

**IV.     CONCLUSION**

Pursuant to Rule 4 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, the Court will dismiss the instant habeas corpus petition as untimely.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[4] In his December 28, 2021 letter to the Court, Petitioner states that "he is raising a retroactive case[,] Commonwealth vs Ford, 2019 Pa. LEXIS 5422[.]"  (Doc. No. 7 at 1.)   The Court has reviewed this case, properly cited to as Commonwealth v. Ford, 217 A.3d 824 (Pa. 2019), and finds that it does not bear on the Court's disposition of whether Petitioner has complied with the applicable one-year limitations period.  Rather, it appears that Petitioner is raising Ford to attack his underlying state court convictions and sentences.  See generally id. at 829-31 (holding that Section 9726(c) of the Sentencing Code is clear that trial courts do not have the authority to impose non-mandatory fines absent evidence that the defendant is or will be able to pay them, and concluding that, under the facts of the case, Ford had received an illegal sentence when the trial court imposed non-mandatory fines without any evidence that he was or would be able to pay them).